# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HEIDI KIZAK,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **TENCENT AMERICA, LLC,** a California company, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff Heidi Kizak ("Kizak" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Tencent America, LLC ("Tencent" or "Defendant") to stop Tencent from violating the Telephone Consumer Protection Act by sending autodialed text messages to consumers (including those who have registered their phone numbers on the national Do Not Call registry ("DNC")) *after* they have expressly requested that Tencent stop contacting them, and to otherwise obtain injunctive and monetary relief for all persons injured by Tencent's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1. Tencent is a technology company that owns and operates the app WeChat.

2. WeChat is an all-in-one messaging, social media, gaming, and mobile payment app used by millions worldwide.

3. To promote use of the WeChat app, including its for-pay components, Tencent sends unsolicited autodialed text messages to consumers promoting their download of the WeChat app even *after* those consumers have expressly demanded that Tencent stop sending them text messages.

4. Tencent knows that it fails to process consumers' requests that Tencent stop sending text messages promoting the WeChat app .

5. In Plaintiff's case, Tencent sent dozens of text messages to her cellular phone number despite her multiple stop requests and despite Plaintiff having registered her phone number on the DNC.

6. In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Defendant to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, and to other phone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes.

## PARTIES

7. Plaintiff Kizak is a resident of Mercer County, Pennsylvania.

8. Defendant Tencent is a Delaware company headquartered in Palo Alto, California. Defendant conducts business throughout this District, the State of California, and the United States.

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

10. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## COMMON ALLEGATIONS

**Tencent Solicits Consumers to Download the WeChat App
to Generate Revenue From Their Use of the App**

11. Through the WeChat app, Tencent sells products and services to consumers.

12. The products Tencent sells through the WeChat app include things such as digital stickers and games.

13. With regard to Tencent's product sales, as Anne Freier of Business of Apps explains: "Most internet companies that make money do so by selling online ads, but Tencent (WeChat's parent) makes most of its money selling customers virtual goods (like gaming avatars, online stickers, and other icons). About 85% of the money Tencent will make this year from the app will come from gaming."[1]

14. In addition, Tencent promotes its for-pay payment platform (similar to Apple Pay) through the WeChat app together with services that can be purchased using the payment platform for which Tencent receives a commission.[2]

15. Tencent also promotes for-pay subscriptions through the WeChat app that allow companies to promote their brand through the WeChat app.[3]

16. Although WeChat is popular in China, Tencent has been focused on expanding WeChat's United States user base..

---

[1] *Id.*
[2] https://www.nytimes.com/2019/03/07/technology/facebook-zuckerberg-wechat.html
[3] https://medium.com/servicedock/making-money-from-messaging-wechat-versus-messenger-ea0e34511b86

CLASS ACTION COMPLAINT
-3-

17. To that end, Tencent sends consumers unsolicited text messages regarding signing up for the WeChat app.

18. Consumers such as plaintiff who receive these unsolicited text messages from Tencent and reply "STOP" – making clear to Tencent that they do not wish to receive text messages promoting the WeChat app – continue to be bombarded by these solicitous text messages.

19. There are numerous complaints from consumers notifying WeChat directly about the issue of receiving text messages from the app without consent and requesting for the text messages to stop.

20. In sending the unsolicited text messages, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, that the text messages did not cease upon request, and that they were sent from short codes and long codes, telephone numbers not typically associated with cellular phones, which is consistent with the use of an automatic telephone dialing system.

21. Tencent, knew or should have known, that it was sending text messages to consumers after they expressly requested that Tencent stop doing so.

## PLAINTIFF'S ALLEGATIONS

**Tencent Repeatedly Text Messaged Plaintiff to Promote the WeChat App Despite Plaintiff Requesting that Tencent Stop and Despite Plaintiff's Phone Number Being Registered on the DNC**

22. Plaintiff Kizak's cell phone number was registered on the Do Not Call registry on October 16, 2010.

23. Plaintiff's cellular phone number is not associated with a business and is for personal use.

24. Starting in early June 2019, Plaintiff Kizak began receiving unsolicited text messages from Tencent promoting her use of the WeChat app from various different phone numbers.

25. Plaintiff Kizak routinely replied "STOP" to these text messages, but Tencent continued to text message her.

26. For example, on June 9, 2019, Plaintiff received the following text message promoting the WeChat app:



27. Plaintiff Kizak received a number of substantially similar messages the following day on June 10, 2019.

CLASS ACTION COMPLAINT
-5-

28. Kizak also received text messages on June 10, 2019 at 12:39 AM, 1:46 AM, 1:50 AM, 1:54 AM, 1:55 AM, 5:13 AM, 5:46 AM, 6:14 AM, 8:38 AM and 10:19 AM. All of these text messages were sent by Tencent from different phone numbers:



29. On June 10, 2019 at 2:19 PM, Plaintiff Kizak replied "STOP" to the text message she received from Defendant on June 10, 2019 at 5:46 AM using phone number 361-402-4227:



30. Despite this opt-out request, Plaintiff Kizak received text messages on June 13, 2019 at 12:36 AM and 1:09 AM:



CLASS ACTION COMPLAINT
-7-

31. Frustrated by the additional unwanted text messages, Plaintiff Kizak replied "STOP" to both of the text messages she received on June 13, 2019:



32. Again, despite the stop requests, Plaintiff Kizak received another text message from Defendant on June 15, 2019:



33. Plaintiff Kizak has never downloaded the WeChat app, has never had a relationship with Tencent, and has never provided Tencent consent to contact her.

34. The unauthorized text messages sent by Tencent promoting the WeChat app have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed her use and enjoyment of her cellular phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

35. Seeking redress for these injuries, Kizak, on behalf of herself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones, including solicitation text messages to a phone number protected by the DNC, and other telemarketing prior to instituting adequate policies and procedures to prevent calls to consumers who expressly request not to be called.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims

36. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

> **Autodialed Stop Class**: All persons in the United States who from four years prior to the filing of this action: (1) Defendant (or an agent acting on Defendant's behalf) text messaged, (2) on the person's cellular telephone number, (3) using substantially the same equipment Defendant used to text message Plaintiff, (4) *after* the person requested that Defendant stop sending him or her text messages.
>
> **Do Not Call Stop Class**: All persons in the United States who from four years prior to the filing of this action: (1) Defendant (or an agent acting on Defendant's behalf) text messaged more than one time, (2) on the person's residential telephone number, (3) within any 12-month period, (3) *after* the person requested that Defendant stop sending him or her text messages.
>
> **Internal Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action: (1) Defendant (or an agent acting on Defendant's behalf) text messaged more than one time, (2) on the person's residential telephone number, (3) within any 12-month period.

37. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3)

CLASS ACTION COMPLAINT
-9-

Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

38. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

 (a) whether Defendant used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed Stop Class;

 (b) whether Defendant sent unsolicited text messages to phone numbers registered on the DNC;

 (c) whether Defendant engaged in telemarketing prior to instituting adequate policies and procedures for maintaining an internal do not call list;

 (d) whether Defendant's conduct constitutes a violation of the TCPA; and

 (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting

this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

41.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed Stop Class)**

42.     Plaintiff repeats and realleges paragraphs 1 through 41 of this Complaint and incorporates them by reference.

43.     Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Class *after* being told to stop text messaging them.

44.     These solicitation telephone text messages were sent *en masse*.

45.     Defendant sent these text messages willfully or knowingly.

46. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed Stop Class are each entitled to up to $1,500 in damages per violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Stop Class)**

47. Plaintiff repeats and realleges paragraphs 1 through 41 of this Complaint and incorporates them by reference.

48. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

49. 47 C.F.R. § 64.1200(e) provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

50. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

51. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200.

53. Defendant sent these text messages willfully or knowingly.

54. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled to receive up to $1,500 in damages per violation.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Internal Do Not Call Stop Class)**

55. Plaintiff repeats and realleges paragraphs 1 through 41 of this Complaint and incorporates them by reference.

56. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the

time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

57.     Defendant or its agents sent autodialed text messages to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be texted by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing text messages.

58.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said

CLASS ACTION COMPLAINT
-14-

regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

59. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call List Class are each entitled to up to $1,500 per violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kizak, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above, and appointing Plaintiff as the representative of the Classes and her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**PAUL KIZAK**, individually and on behalf of those similarly situated individuals

Dated: July 24, 2019    /s/ *David S. Ratner*
David S. Ratner (SBN 316267)
david@davidratnerlawfirm.com
DAVID RATNER LAW FIRM, LLP
33 Julianne Court
Walnut Creek, CA 94595
Telephone: (917) 900-2868

CLASS ACTION COMPLAINT
-15-

Avi R. Kaufman*
kaufman@kaufmanpa.com
Rachel Kaufman (SBN 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*

CLASS ACTION COMPLAINT
-16-